**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

ROGER JOHNSON
                                                                                                       PLAINTIFF

V.                                                       CIVIL ACTION NO. 3:04-cv-393WS

HINDS COUNTY BOARD OF
SUPERVISORS, ET AL.                                                           DEFENDANTS

**<u>ORDER</u>**

This court adopted the Report and Recommendation of the United States Magistrate Judge, Docket No. 39-1, in the above styled and numbered cause. In his complaint, brought pursuant to Title 42 U.S.C. § 1983,[1] plaintiff charged the defendants with failing to protect him from attack from another inmate and that his requests for protective custody had gone unheeded. However, at the omnibus hearing the plaintiff admitted that he filed no formal report for protective custody until after the attack and that his request was granted.

On January 20, 2006, the plaintiff filed a notice of appeal. This court received a request for assessment of an appeal fee from the Pro Se Law Clerk pursuant to the Prison Litigation Reform Act (PLRA). The PLRA amended Title 28 U.S.C. § 1915 to impose new filing burdens on prisoners desiring to appear *in forma pauperis* in certain

---

[1] Title 42 U.S.C. § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

proceedings.  "A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding" is subject to the financial disclosure rules of § 1915 and must pay the full filing fee.  Title 28 U.S.C. § 1915(b)(1),(2);[2] *In re Stone*, 118 F.3d 1032, 1033 (5th Cir. 1997).

Therefore, within 20 days of the entry of this order the plaintiff shall file a completed application for leave to proceed *in forma pauperis* and pay the required appeal filing fee of $255.00.  The Clerk shall attach an *in forma pauperis* application and forward this to the plaintiff at his last known address.

Failure of the plaintiff to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and contumacious act and may result in the denial of *in forma pauperis* status.

**SO ORDERED, this the 13th day of March, 2006.**

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:04-cv-393WS
Order

---

[2]Title 28 U.S.C. § 1915(b)(1) & (2) provide that, "[n]otwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of – (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.