IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ROGER JOHNSON                                                                                    PLAINTIFF

VS.                                                              CIVIL ACTION NO. 3:04cv393-HTW-FKB

OFFICER DELANIO SANDERS and
SHERIFF MALCOLM McMILLIN                                                              DEFENDANTS

ORDER

Roger Johnson, now a state inmate, brought this action pursuant to § 1983 alleging that officials at the Hinds County Detention Center (HCDC) failed to protect him from an assault by other inmates while he was housed there as a pretrial detainee. In his complaint, as amended, Plaintiff alleges that after his arrest and transfer to HCDC, he warned officials that he was in danger of retaliation by certain prisoners and should not be housed in the general population. Prison officials nevertheless placed him in the general population. Johnson alleges that he continued to file grievances and requests to be placed in protective custody, but according to Plaintiff, his requests were largely unheeded, although he was moved to a more secure zone designated for state inmates. On June 26, 2002, while he was housed in the state inmate zone, an inmate by the name of Johnnie Hilliard, along with other unnamed inmates, attacked and injured Plaintiff. According to Plaintiff, the attack occurred when the officer over the zone, Delanio Sanders, let Hilliard out of his cell and into the isolation room while Plaintiff was in the room for his one hour of recreation.

Presently before the Court is Plaintiff's second motion for an extension of time to respond to Defendant McMillin's summary judgment motion and for other relief [130], as

well his motion for a stay and for reconsideration [133] of this Court's previous orders denying a Rule 56(d) continuance and denying appointment of counsel.  Having considered the motions and supporting documents, and the arguments presented at the motion hearing on January 9, 2012, the Court finds and rules as follows.

Plaintiff argues that he continues to need additional time to respond to the motion for summary judgment because of (1) problems obtaining and keeping legal materials at the prison, (2) his lack of understanding of the legal and factual issues of the case, and (3) his need for further discovery.  As to the first and second arguments, the Court notes that the motion for summary judgment has been pending for over seven months, and this case has been pending in one form or the other for seven and one-half years.  Plaintiff fileed this action, and it is his responsibility to understand the issues of his own lawsuit.  While the Court is sympathetic to the difficulties of prosecuting a case while in prison, the Court is of the opinion that Plaintiff has had ample time to gain sufficient understanding to be able to formulate a response to Defendant McMillin's motion for summary judgment.

Plaintiff also contends that he needs additional discovery to respond to the motion. Plaintiff's previous motion for this relief was denied because of Plaintiff's failure to explain specifically what discovery he needed and how it would assist him in overcoming McMillin's immunity defense. Plaintiff then provided specific discovery requests which he claims will assist him in establishing liability against Defendant McMillin in his official capacity by showing that the housing customs and policies at HCDC led to Plaintiff''s assault by other inmates.  Defendant McMillin has already provided to Plaintiff copies of the HCDC housing policy as well as the housing records pertaining to Plaintiff.  Now

Plaintiff seeks production of housing records of numerous other inmates and for the entire detention center during a specified period. According to Plaintiff, these documents will show that protective custody inmates were routinely housed with the general population. The problem with this argument is that Plaintiff has failed to establish that he was ever placed in protective custody prior to the June 26, 2002 attack. Indeed, he admitted at the hearing that he was not officially placed in protective custody until a couple of days *after* the June 26, 2002 attack. Thus, the housing of protective custody inmates with the general population is not at issue. For this reason, Plaintiff's Rule 56(d) motion is denied. Plaintiff is hereby given until February 10, 2012, in which to respond to McMillin's motion for summary judgment. After that date, a report and recommendation regarding the motion will be entered.

Several other discovery issues were raised at the hearing. Having considered those issues, the Court hereby orders Defendant to provide to the Court and to Plaintiff, within 14 days of entry of this order, the last known address of Defendant Delanio Sanders. Defendant is further ordered, within that same time period, to provide Plaintiff and the Court with the names and addresses of all officials who were responsible for or participated in decisions about Plaintiff's housing and in responding to concerns as to his security and safety prior to June 26, 2002.

The Court has also reconsidered the issue of whether Plaintiff should be allowed to amend to join Willie E. Johnson as a defendant. Previously, the Court denied the amendment as futile, stating that the statute of limitations had run on any claims against him. However, Plaintiff had previously requested to join Johnson *prior* to the running of

the limitations period, and Plaintiff may be able to establish some exception or argument in opposition to any statute of limitations defense raised by Johnson. Accordingly, upon reconsideration, Plaintiff's request to join Johnson as a defendant is granted. The Clerk is directed to issue process for him to be served at 141 Wildwood Circle, Jackson, Mississippi 39212, and to forward same to the U.S. Marshal for service of process.

Plaintiff's request for reconsideration of his motion for appointment of counsel is denied for the reasons previously stated.

SO ORDERED this the 13th day of January, 2012.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE