IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ROGER JOHNSON                                          PLAINTIFF

VS.                                         CIVIL ACTION NO. 3:04cv393-HTW-FKB

WILLIE E. JOHNSON and
SHERIFF MALCOLM McMILLIN                                         DEFENDANTS

## REPORT AND RECOMMENDATION

This cause is before the Court on the motion of Defendant Willie E. Johnson to dismiss. Plaintiff has failed to respond to the motion. Having considered Defendant Johnson's arguments, the undersigned recommends that the motion be denied.

Roger Johnson, now a state inmate, brought this action pursuant to § 1983 claiming that officials at the Hinds County Detention Center (HCDC) in Raymond, Mississippi, failed to protect him from an assault by other inmates on June 26, 2002, while he was housed there as a pretrial detainee. In the present motion, the sole remaining defendant, Willie E. Johnson, argues that the claims against him should be dismissed because they are barred by the applicable statute of limitations, Miss. Code Ann. § 15-1-49.

Plaintiff first sought leave to amend to join this defendant on February 17, 2005. *See* Dkt. No. 24. By order of August 15, 2005 [36], Plaintiff's request was initially denied. However, by order dated January 13, 2012 [139], leave was granted, and Willie E. Johnson was joined as a defendant. Defendant now argues that he is entitled to dismissal because the three-year limitations period ran long before January 13, 2012. The undersigned disagrees with Defendant's calculations. Because Plaintiff sought leave

to amend prior to the expiration of the limitations period, the statute was tolled from the time of Plaintiff's initial motion until leave was granted.  *See, e.g., Moore v. Indiana*, 999 F.2d 1125, 1131 (7th Cir. 1993).[1]

For this reason, the undersigned recommends that Defendant's motion to dismiss be denied.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 14th day of May, 2012.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

---

[1] The court in *Moore* stated as follows: "As a party has no control over when a court renders its decision regarding the proposed amended complaint, the submission of a motion for leave to amend, properly accompanied by the proposed amended complaint that provides notice of the substance of those amendments, tolls the statute of limitations, even though technically the amended complaint will not be filed until the court rules on the motion."  *Moore*, 999 F.2d at 1131.  The undersigned is of the opinion that Plaintiff's failure to include a copy of the proposed complaint with his original motion is not determinative.  This court routinely allows *pro se* prisoners to amend their original complaints without the submission of proposed amended complaints and ultimately did so in the present case.

2