# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

ROGER JOHNSON                                                                           PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:04-cv-393 HTW-FKB

WILLIE E. JOHNSON                                                                      DEFENDANT

## ORDER

Before the court are four motions and a report and recommendation from the Magistrate Judge. Plaintiff Roger Johnson has filed a motion for review of Magistrate Judge Order [docket no. 119], a motion for reconsideration [docket no. 160], and a motion for a status report and for reconsideration [docket no. 165]. Defendant Willie E. Johnson has filed a motion to dismiss with prejudice [docket no. 153]. Magistrate Judge F. Keith Ball has submitted a report and recommendation [docket no. 161] recommending denial of Willie E. Johnson's motion to dismiss.

### I. Facts and Procedural Background

This lawsuit was filed by Roger Johnson ("Johnson") on May 26, 2004, against the Hinds County, Mississippi, Board of Supervisors. Plaintiff Johnson complained that, while he was held as a pretrial detainee from October 22, 2001, through June 26, 2002, the staff and supervisors at the Hinds County, Mississippi, Detention Center ("Detention Center") failed to protect him from ongoing attacks by other inmates. On June 26, 2002, says Johnson, fellow inmate Johnny Hilliard attacked him, attempted to rape him, and beat him, causing him severe injury. Johnson alleges that he warned the Detention Center staff that if he were placed in the general population he would be in danger of attack by inmates who were gang members whom he had "turned in for a murder case."

1

Complaint at 4, docket no. 1. Johnson says he lodged verbal complaints and filed grievance forms with the Detention Center's staff seeking to be placed in protective custody. Despite his requests for protection from the other inmates, says Johnson, the Detention Center staff, including Officer Delanio Sanders, allowed him to be threatened, sexually assaulted, and brutally beaten. As a result of the June 26, 2002 attack, says Johnson, he suffered two black eyes, blood clots, broken teeth, back and neck injury, and now experiences ongoing nightmares. Johnson's original complaint named only the Hinds County Board of Supervisors as defendants. Docket no. 1.

On June 24, 2004, this court issued an order [docket no. 8] directing the plaintiff to provide additional information, including a statement as to whether he was naming Officer Delanio Sanders as a defendant. This court followed up with a show cause order on August 18, 2004 [docket no. 10], when Johnson did not respond to the inquiry.

Plaintiff Johnson responded on August 27, 2004, with a letter and an amended complaint which added Delanio Sanders, Sheriff Malcolm McMillin, and John and Jane Doe Supervisors as defendants. Docket no. 11. On September 21, 2004, this court entered an order [docket no. 12] directing the plaintiff to provide names, job titles, and addresses of the John Doe defendants, as well as the bases for his claims against all defendants. Plaintiff Johnson responded with a letter referencing his amended complaint filed at docket number eleven (11), and asked the court to subpoena "the names of the supervising officers from October 22, 2001, to June 26, 2002, and to be sure to have the names of the supervising officers on June 26, 2002, separate." Docket no. 13 at 3.

The plaintiff filed a second amended complaint on September 30, 2004, also

2

naming Delanio Sanders as a defendant [docket no. 16]. On November 18, 2004, the plaintiff moved to amend his complaint to add a demand for damages, and asked the court to subpoena the last known address for Delanio Sanders from the Hinds County Detention Center. Docket no. 18. The plaintiff sent a letter addressed to the Clerk of Court on January 28, 2005 [docket no. 22], asking the Clerk to issue subpoenas to the Detention Center for, among other things, the names and addresses of the supervisors on duty during his pretrial detention and the alleged attack.

On February 7, 2005, this court issued an order for the Clerk to issue summons to defendants Sheriff Malcolm McMillin and Officer Delanio Sanders. Docket no. 23. The court dismissed the Hinds County Board of Supervisors and all John Doe defendants without prejudice. This court denied the plaintiff's request to issue subpoenas, saying "to the extent that plaintiff's [prior pleading] is a motion for discovery, it is not well taken and shall be denied as premature. [. . .] The plaintiff may reassert a motion for discovery after the defendants have answered the complaint." *Id.*

On February 17, 2005, the plaintiff moved to add as defendants "Captain Johnson and Corporal Brady." Docket no. 24. According to the plaintiff, "Captain Johnson [. . .] was the supervisor of the Hinds County Detention Center, Raymond, on June 26, 2002." *Id* at 1. Captain Johnson and Corporal Brady, says plaintiff, were responsible for receiving and reviewing the grievance forms in which plaintiff requested protective custody. *Id.* On August 15, 2005, the Magistrate Judge issued an order granting plaintiff's motion to add a demand for damages, and denying the plaintiff's motion to amend his complaint to add defendants Captain Johnson and Corporal Brady. Docket no. 36.

3

On November 30, 2005, the Magistrate Judge submitted a report and recommendation that this court dismiss the plaintiff's complaint as frivolous under Title 28 U.S. C. § 1915(e)(2).[1]  Docket no. 39.  This court adopted that report and recommendation on December 22, 2005, and entered a final judgment dismissing this lawsuit on December 28, 2005.  Docket no. 45.  The plaintiff filed a notice of appeal on January 20, 2006.  Docket no. 48.

This lawsuit was before both the district court and the Fifth Circuit Court of Appeals for four years before the Fifth Circuit issued a judgment on February 1, 2010. The Fifth Circuit vacated the dismissal of this lawsuit and remanded the case for further proceedings.  Docket no. 84.

On June 21, 2010, the plaintiff moved again to "replace" the John Doe supervisors with Captain Johnson and Corporal Brady.  Plaintiff Johnson also asked the court to add as defendants Sergeant Matlock, Sergeant Thornton, and Lieutenant Davis.  Docket no. 93.  On December 28, 2010, the Magistrate Judge denied the plaintiff's motion to add or substitute defendants, finding that adding the requested defendants would be futile because the plaintiff's claims were time-barred.  Docket no. 107.

Sheriff Malcolm McMillin filed a motion for summary judgment on May 5, 2011, claiming that he bore no *respondeat superior* liability for the alleged actions of employees at the Detention Center.  Docket no. 115.  McMillin argued that the plaintiff's complaints allege no direct involvement or illegal action on his part.  *Id.*  Agreeing with

---

[1] Title 28 U.S.C.A. § 1915(e)(20 states in part that, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal [. . .] is frivolous or malicious."

4

defendant McMillin, the Magistrate Judge recommended granting the motion for summary judgment in a report and recommendation filed on March 7, 2012. Docket no. 155.

On October 19, 2011, the Magistrate Judge filed a report and recommendation, recommending dismissal of defendant Delanio Sanders under Fed.R.Civ.P. 4(m) for the plaintiff's failure to serve Sanders with process in a timely manner. Docket no. 127. On January 13, 2012, this court signed an order adopting the Magistrate Judge's report and recommendation of October 19, 2011, and dismissing defendant Delanio Sanders without prejudice. Docket no. 146. That order was entered into the docket on January 30, 2012. *Id*.

Meanwhile, the Magistrate Judge reconsidered his prior rulings and issued an order on January 13, 2012, allowing the plaintiff to join Captain Willie E. Johnson as a defendant. Docket no. 139. The Magistrate Judge noted that the plaintiff should be allowed to join Willie E. Johnson because the plaintiff had attempted to add this defendant prior to the running of the statute of limitations. *Id* at 3-4. The Magistrate Judge's order directed the Clerk of Court to issue process for defendant Willie E. Johnson. *Id* at 4.

The Magistrate Judge's January 13, 2012 order also directed the defendants to provide to the Court and to plaintiff Johnson the last known address of defendant Delanio Sanders, as well as "the names and addresses of all officials who were responsible for or participated in decisions about Plaintiff's housing and in responding to concerns as to his security and safety prior to June 26, 2002." Docket no. 139 at 3.

On January 27, 2012, defendant Sheriff Malcolm McMillin responded to the

5

Magistrate Judge's order and provided the last known address for Delanio Sanders, and the names and some of the addresses of other supervisors responsible for the plaintiff's housing. Docket no. 145. This court, however, had filed its order adopting the Magistrate Judge's previous report and recommendation dismissing Delanio Sanders on January 30, 2012. The Clerk of Court, therefore, issued a summons for Willie E. Johnson, but did not issue a summons for defendant Sanders.

On February 22, 2012, defendant Willie E. Johnson filed a motion to dismiss with prejudice [docket no. 153], arguing that the three-year statute of limitations for Title 42 U.S.C. § 1983 claims had run. The Magistrate Judge filed a report and recommendation on May 14, 2012 [docket no 161], recommending that the court deny defendant Willie E. Johnson's motion to dismiss. Willie E. Johnson filed his objections to the Magistrate Judge's report and recommendation on May 30, 2012.

The plaintiff has also filed a motion to review the Magistrate Judge's order denying his request to add defendants [docket no. 119], and a motion for a status report and for reconsideration of this court's order adopting the Magistrate Judge's recommendation to grant Sheriff McMillin's motion for summary judgment [docket no. 165].

## II. The Magistrate Judge's Report and Recommendation

### A. Standard of Review for Report and Recommendation

The undersigned, as authorized by Title 28 U.S.C. § 636(b)(1),[2] has designated

---

[2] Title 28 U.S.C. § 636(b)(1) states in pertinent part:

(b) (1) Notwithstanding any provision of law to the contrary--
    (A) a judge may designate a magistrate [magistrate judge] to hear and determine any pretrial matter pending before the court, except a motion for

6

the Magistrate Judge assigned to this case to submit proposed findings of fact and recommendations for the disposition of several motions which have been filed in this lawsuit. The Magistrate Judge has reviewed those motions and filed his findings and recommendations with the court. When a party challenges the Magistrate Judge's findings, this court reviews the challenged portions of the report and recommendation *de novo* under Title 28 U.S.C. § 636(b)(1). *See U.S. v. Schnitker*, 281 Fed.Appx. 295, 297-298 (5th Cir. 2008).

**B. Motion to dismiss defendant Willie E. Johnson [# 153] and Report and Recommendation [#161]**

Defendant Willie E. Johnson has filed a motion to dismiss asking this court to dismiss plaintiff's claims as time-barred. Title 42 U.S.C. § 1983 does not specify a federal statute of limitations for suits. Federal courts, therefore, borrow the forum state's general or residual personal-injury limitations period, which is three years in

---

injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.
   (B) a judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A). . .
  (C) the magistrate shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.
   Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [magistrate judge]. The judge may also receive further evidence or recommit the matter to the magistrate [magistrate judge] with instructions.

Mississippi. *Edmonds v. Oktibbeha County*, 675 F.3d 911, 916 (5th Cir. 2012) (citing *Owens v. Okure*, 488 U.S. 235, 249-50, 109 S. Ct. 573, 102 L. Ed. 2d 594 (1989)); Miss. Code Ann. § 15-1-49 (2011).

The Magistrate Judge recommends that this court deny Willie E. Johnson's motion to dismiss because the three-year statute of limitations was tolled on February 17, 2005, when the plaintiff first attempted to add Willie E. Johnson as a defendant. Docket no. 161. Willie E. Johnson objects, arguing that the plaintiff's attempted amendment to substitute a proposed defendant for a John Doe defendant does not relate back and, thus, does not toll the statute of limitations.

Federal Rule of Procedure 15(c)(1)(C)[3] allows amendments to relate back to the date of the original pleading when the amendment changes the party or the naming of the party against whom a claim is asserted, if: (1) "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading" and (2) within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment received actual notice and will not be prejudiced and knew or should have known the

---

[3] Fed.R.Civ.P. 15(c) states:
(c) RELATION BACK OF AMENDMENTS.
 (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
  (A) the law that provides the applicable statute of limitations allows relation back;
  (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
  (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
   (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
   (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

8

action would be brought against him except for a mistake in the party's identity.

Courts in the Fifth Circuit have found that equitable tolling is available in rare and exceptional circumstances "to prevent a plaintiff from unjustly losing a claim vigorously pursued." *Galada v. Gatson-Riley*, 1:07CV937-LG-JMR, 2010 WL 3120069 (S.D. Miss. June 24, 2010) *report and recommendation adopted,* 2010 WL 3120214 (S.D. Miss. Aug. 4, 2010) *aff'd sub nom. Galada v. Payne*, 421 F. App'x 460 (5th Cir. 2011) (citing *Perez v. United States,* 167 F.3d 913, 919 (5th Cir.1999)).

This court finds this to be just such a rare and exceptional case. The plaintiff has vigorously and diligently pursued his claims, but has faced delays and confusion which were not of his making. Plaintiff has filed suit for acts which allegedly occurred between October 22, 2001, through June 26, 2002. On June 26, 2002, the statute of limitations commenced to run.

The plaintiff initially sued only the Hinds County Board of Supervisors on May 26, 2004, but filed an amended complaint on August 27, 2004, naming "John and Jane Does" who were "All Present Supervisors" at the Detention Center in Raymond, Mississippi. Docket no. 11. Plaintiff Johnson attempted to obtain the names, titles and addresses of these supervisors on numerous occasions before the statute of limitations had run, to wit: plaintiff's letter accompanying amended complaint, docket no. 11; plaintiff's letter filed September 30, 2004, docket no. 13; plaintiff's letter filed November 18, 2004, docket no. 18; plaintiff's letter filed December 20, 2004, docket no. 20; and plaintiff's letter filed January 28, 2005. Plaintiff's various attempts to discover the names and addresses of the potentially liable supervisors were rejected by both the defendants and the court. Finally, the plaintiff managed to learn the name of Officer

9

Willie E. Johnson, who was allegedly acting as a supervisor at the Detention Center on the night the plaintiff was attacked.  The plaintiff made an unsuccessful attempt to name Willie E. Johnson as a defendant on February 17, 2005.  Docket no. 24.

After dismissal of this lawsuit, the plaintiff successfully pursued an appeal.  That appeal, however, lasted several years before the plaintiff's lawsuit was reinstated.

The delays and denial of access to discoverable information were outside of the control of the plaintiff.  These circumstances, however, significantly hindered and delayed the plaintiff in his efforts to prosecute his lawsuit.  Most importantly, these events prevented the plaintiff from naming the proper parties in a timely manner.

For these reasons this court is persuaded that the plaintiff's claims against defendant Willie E. Johnson were tolled from the time the plaintiff filed a motion to amend his complaint in February of 2005.  The court, therefore, adopts the Magistrate Judge's report and recommendation [docket no. 161], and denies defendant Willie E. Johnson's motion to dismiss.

**C. Motion for Review of Magistrate Judge's Order**

The plaintiff has filed, on May 5, 2011, a motion to review the Magistrate Judge's order regarding plaintiff's motion to add defendants [docket no. 119].  Since that filing, the Magistrate Judge has reconsidered the plaintiff's request to replace John Doe defendants or add defendants, including defendant Willie E. Johnson.  The Magistrate Judge reconsidered the denial of plaintiff's request to join additional defendants and issued an order on January 13, 2012, granting plaintiff's request to join defendant Willie E. Johnson.  Docket no. 139 at 4.  The Magistrate Judge ordered the Clerk of Court to issue process for this defendant, and defendant Willie E. Johnson has since been

served process and joined in this lawsuit. The court, therefore, finds plaintiff's motion to review the Magistrate Judge's order moot.

### III. Motion for Reconsideration [#160]

Plaintiff Johnson has filed a motion for reconsideration of this court's order adopting the Magistrate Judge's report and recommendation to grant defendant Sheriff Malcolm McMillin's motion for summary judgment [docket no. 158]. The Magistrate Judge appropriately analyzed the arguments and law regarding the lack of *respondeat superior* liability of Sheriff Malcolm McMillin for plaintiff's claims brought under Title 42 U.S.C. § 1983. *See* docket no. 155. The Magistrate Judge found that the plaintiff has failed to produce any evidence that Sheriff McMillin was either directly involved in conduct which violated the plaintiff's rights or that Sheriff McMillin had put in place a departmental policy or practice which led to the plaintiff's injury. *Id.*

The plaintiff has provided his own lengthy sworn affidavit. Docket no. 160-2. The plaintiff's affidavit, however, provides no specific factual allegations by which this court could find that Sheriff McMillin acted directly or had in place a department policy or practice of failing to protect prisoners. This court, thus, denies the plaintiff's motion for reconsideration.

### IV. Motion Requesting Status Report [#165]

The plaintiff has filed a motion saying that prisoner mail and pleadings have not been forwarded to the court [docket no. 165]. The plaintiff has asked the court to confirm receipt of his motion for reconsideration [docket no. 160]. The court has received and considered the plaintiff's motions as discussed above, and dismisses plaintiff's motion for status report as moot.

## V. Conclusions

The court adopts the Magistrate Judge's report and recommendation [docket no. 161] and denies defendant Willie E. Johnson's motion to dismiss [docket no. 153]. The court finds the plaintiff's motion to review of Magistrate Judge's order [docket no. 119] moot and denies plaintiff's motion for reconsideration [docket no. 160]. Finally the court finds the plaintiff's motion requesting a status report [docket no. 165] moot.

The Magistrate Judge will schedule a hearing with the parties to put in place a scheduling order. The Magistrate Judge should take into consideration his prior orders regarding joining and dismissing defendants to ensure all proper parties are named, issued process, and joined in this lawsuit.

**SO ORDERED AND ADJUDGED**, this, the 27th day of February, 2013.

s/ HENRY T. WINGATE
**UNITED STATES DISTRICT JUDGE**

**ORDER**
**CIVIL ACTION NO. 3:04-cv-393-HTW-FKB**