IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROGER JOHNSON                                                       PLAINTIFF

vs.                                     CIVIL ACTION No.: 3:04-CV-393-HTW-LRA

WILLIE E. JOHNSON, *et al*                              DEFENDANTS

## ORDER REGARDING ALL OUTSTANDING MOTIONS

BEFORE THIS COURT are the following post jury verdict motions filed by the *pro se* plaintiff, Roger Johnson: Motion for a New Trial **[Docket no. 315]**; Motion for Judgment as a Matter of Law **[Docket no. 316]**; Motion to Appoint Counsel **[Docket no. 321]**; and Motion for Copies of Trial Transcripts and Miscellaneous Relief **[Docket no. 323]**. Defendants oppose all motions.

The plaintiff herein is Roger Johnson, acting *pro se*. "A document filed *pro se* is 'to be liberally construed,' *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,' *ibid*. (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) ('All pleadings shall be so construed as to do substantial justice')." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); nevertheless, a plaintiff is expected to "comply with statutory obligations and abide by the rules of this Court." *Legget v. PSS World Med., Inc.*, No. L-07-63, 2009 U.S. Dist. LEXIS 15937, at *12 (S.D. Tex. Mar. 2, 2009) (Citing *Castro Romero v. Becken*, 256 F.3d 349, 354 n.2 (5th Cir. 2001); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)).

The United States Supreme Court specifically cautioned *pro se* litigants that:

District judges have no obligation to act as counsel or paralegal to *pro se* litigants.

> In *McKaskle v. Wiggins*, 465 U.S. 168, 183-184, 79 L. Ed. 2d 122, 104 S. Ct. 944 (1984), the Court stated that "[a *pro se* litigant] does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure" and that "the Constitution [does not] require judges to take over chores for a *pro se* [litigant] that would normally be attended to by trained counsel as a matter of course." *See also Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 162, 145 L. Ed. 2d 597, 120 S. Ct. 684 (2000)

*Pliler v. Ford*, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446 (2004).

The defendants herein are: Captain Willie E. Johnson; Officer Delanio Sanders; Sergeant Carl E. Medlock; Sergeant William Thornton; Lieutenant O. C. Davis; Sheriff Malcom McMillin; and the Hinds County, Mississippi Board of Supervisors. The individual defendants were all officers with the Hinds County, Mississippi Sheriff's Office assigned to the Hinds County, Mississippi, Detention Center. The only defendants who remained for trial in this lawsuit were: Captain Willie E. Johnson; Officer Delanio Sanders; Sergeant Carl E. Medlock; Sergeant William Thornton; and Lieutenant O.C. Davis.[1]

The juridical issue which links plaintiff and remaining defendants is the plaintiff's allegation, which the jury did not credit, that while he was a pretrial detainee at the Hinds County Detention Center in Raymond, Mississippi, he was assaulted by other inmates while the defendants turned a blind eye to the assault. Plaintiff filed the instant lawsuit under the authority of Title 42 U.S.C. § 1983[2].

---

[1] This court dismissed the Hinds County Board of Supervisors on February 7, 2005, finding that defendant to be an extension of the legal entity, Hinds County, Mississippi.

This court further entered an order on March 29, 2012, granting Defendant Sheriff McMillin's Motion for Summary Judgment, said order premised on qualified immunity. [Docket no. 158].

[2] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C.A. § 1983 (West)

## I. MOTION FOR NEW TRIAL [Docket no. 315]

By this motion, plaintiff asks this court to enter an order that would set aside the jury's verdict and grant him a new trial, presumably[3] under the authority of Rule 59[4] of the Federal Rules of Civil Procedure. Plaintiff's motion for a new trial is predicated on plaintiff's disagreement with this court's utilization of the "deliberate indifference" standard, the standard which this court held governed the jurisprudence of this action.

Motions for a new trial are governed by Rule 59 of the Federal Rules of Civil Procedure. The standard under Rule 59 is:

> A motion for new trial under Rule 59(a) is an extraordinary remedy that should be used sparingly. Rule 59(a) provides, specifically, that the district court may grant a new jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Although Rule 59(a) does not delineate the precise grounds for granting a new trial, the Fifth Circuit has held that Rule 59(a) allows the district court to grant a new trial if it "finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." Still, the decision whether to grant a new trial under Rule 59(a) is left to the sound discretion of the trial judge, and the court's authority is broad.

---

[3] Plaintiff's motion is unclear under which rule his motion travels. The court then assumes that Rule 59 of the Federal Rules of Civil Procedure is the rule he is asking this court to apply as he filed his motion within 28 days of the entry of the judgment as required by Rule 59(b).

[4] (a) In General.
(1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:
(A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; […]
(b) Time to File a Motion for a New Trial. A motion for a new trial must be filed no later than 28 days after the entry of judgment.
(c) Time to Serve Affidavits. When a motion for a new trial is based on affidavits, they must be filed with the motion. The opposing party has 14 days after being served to file opposing affidavits. The court may permit reply affidavits.
(d) New Trial on the Court's Initiative or for Reasons Not in the Motion. No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. In either event, the court must specify the reasons in its order.
(e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.
Fed. R. Civ. P. 59

3

*Howard v. Offshore Liftboats, LLC*, 2016 WL 3536799, at *4 (E.D. La. June 28, 2016). To succeed on such a motion, the movant must show: "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (Citations Omitted).

According to plaintiff, *Hare v. City of Corinth, Mississippi*, 74 F.3d 633 (1996) provides him authoritative support for his contention that this court applied the wrong standard when this court charged the jury to apply the "deliberate indifference" standard. Plaintiff says the correct standard, as dictated by *Bell v. Wolfish*, 441 U.S. 520 (1979), was a "reasonable relationship" test.

The juridicial issue in *Hare* was whether a governmental agency or actor who failed to prevent the suicide of a pretrial detainee should have been afforded qualified immunity. Answering, along the way, the court stated:

> Pretrial detainees and convicted prisoners, however, look to different constitutional provisions for their respective rights to basic needs such as medical care and safety. The constitutional rights of a convicted state prisoner spring from the Eighth Amendment's prohibition on cruel and unusual punishment, *see Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976), and, with a relatively limited reach, from substantive due process. The constitutional rights of a pretrial detainee, on the other hand, flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). Significantly, Bell instructs that the State must distinguish between pretrial detainees and convicted felons in one crucial respect: The State cannot punish a pretrial detainee.

*Hare* at 639. Continuing, *Hare* states:

> [I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to "punishment." Conversely, if a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees.

*Hare* at 640 (Quoting *Bell* at 539).

Citing *Hare* on this topic, the United States Court of Appeals for the Fifth Circuit has issued the following definitive observation:

> The rights of pretrial detainees are protected by the Fourteenth Amendment's Due Process Clause. *Cupit v. Jones*, 835 F.2d 82, 84 (5th Cir. 1987). "It is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006) (*citing Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). In this case, the standard of subjective deliberate indifference enunciated in *Farmer*, 511 U.S. at 825, 832-33, 114 S.Ct. 1970, is the measure of culpability. *See Hare v. City of Corinth, Miss.*, 74 F.3d 633, 643 (5th Cir. 1996) (en banc). "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). To establish liability, an official must know of and disregard a substantial risk of serious harm. *Id*. at 755. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970.

*Johnson v. Johnson*, 694 F. App'x 945, 946 (5th Cir. 2017).

Still plaintiff cites *Shepard v. Dallas County*, 591 F.3d 445 (2009) in support of his argument that his lawsuit should have been treated as a "conditions of confinement" case and not as an "episodic act or omission". At his trial, plaintiff pointed to a personal, violent assault upon him by a fellow prisoner as the basis for his lawsuit. He faulted the defendants for not protecting him. This court instructed the jury to apply the deliberate indifference standard. That was the correct standard.

Plaintiff has made this argument before and even appealed the issue to the Fifth Circuit Court of Appeals which held that plaintiff's case presents an "episodic act or omission" to which this court must apply the "deliberate indifference" standard. *Johnson* 694 F. App'x 946.

Plaintiff's claim, thus, is clearly a case of "issue preclusion" which the United State Supreme Court said "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S. Ct. 2161, 2171, 171

L. Ed. 2d 155 (2008) (Quoting *New Hampshire v. Maine*, 532 U.S. 742, 748-749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)).

This court thus finds that plaintiff's motion for a new trial is based on a legal argument that is without merit and must be denied.

## II. MOTION FOR JUDGMENT AS A MATTER OF LAW [Docket no. 316]

Plaintiff, by his motion for judgment as a matter of law, asks this court to enter an order setting aside the jury verdict and finding for plaintiff on all claims in his complaint. Plaintiff presumably[5] makes such request under the authority of Rules 50[6] and 60[7] of the Federal Rules of

---

[5] Plaintiff's motion is ambiguous under which rule he intends to travel. Both Rules 50 and 60 allow for the entry of a judgment as a matter of law provided certain criteria are met.

[6] (a) Judgment as a Matter of Law.
(1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
(A) resolve the issue against the party; and
(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
(2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.
Fed. R. Civ. P. 50

[7] (a) Corrections Based on Clerical Mistakes; Oversights and Omissions. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.
(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.
(c) Timing and Effect of the Motion.
(1) Timing. A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
(2) Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.
Fed. R. Civ. P. 60

Civil Procedure. Plaintiff says that he is entitled to relief for the same reasons that he has said before, namely that this court charged the jury with the wrong standard, that of "deliberate indifference".

"A motion for judgment as a matter of law ... in an action tried by jury is a challenge to the legal sufficiency of the evidence supporting the jury's verdict." *Jones v. Kerrville State Hosp.*, 142 F.3d 263, 265 (5th Cir. 1998).

To succeed on a motion for a judgment as a matter of law under Rule 50 of the Federal Rules of Civil Procedure, the movant must show "[t]here is no legally sufficient evidentiary basis when the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary verdict. Wallace v. Methodist Hospital System, 271 F.3d 212 (5th Cir. 2001). Under Rule 60 of the Federal Rules of Civil Procedure, "[a] jury verdict must be upheld unless 'there is no legally sufficient evidentiary basis for a reasonable jury to find' as the jury did." *Kerrville State Hosp.*, 142 F.3d 265.

This court, firstly finds that plaintiff's motion is untimely. Plaintiff should have filed his motion before the jury began its deliberations. Further, as this court had stated before, this court and the United States Fifth Circuit Court of Appeals have already ruled on plaintiff's motion and found that the "deliberate indifference" standard applies. *See Johnson* at 946, [Docket no. 314]. Accordingly, this court finds that plaintiff's Motion for Judgment as a Matter of Law **[Docket no. 316]** must be denied.

### III.     MOTION TO APPOINT COUNSEL [Docket no. 321]

Plaintiff next asks this court to grant him appointed counsel to represent him in this civil Title 42 U.S.C. § 1983 lawsuit for various reasons: his inexperience with the legal system and his now allegedly diminished capacity. The United States Fifth Circuit Court of Appeals has said:

> A district court is not required to appoint counsel for an indigent plaintiff in a civil rights action unless there are exceptional circumstances. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir.1982). In determining whether exceptional circumstances warrant the appointment of counsel, a district court should consider (1) the type and complexity of the case; (2) the indigent's ability to adequately present the case; (3) the indigent's ability to investigate the case adequately; and (4) the existence of contradictory evidence and the necessity for skill in the presentation of evidence and in cross-examination. *Id*. at 213. "The district court should also consider whether the appointment of counsel would be a service to [Walls] and, perhaps, the court and defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." *Id*.

*Walls v. Kahoe*, 328 F. App'x 959, 960 (5th Cir. 2009).

The district court, however, does not have to address this analysis where it finds that the plaintiffs' claims would be futile. *See Lavergne v. Public Defender 15th Judicial District Court*, 583 Fed. App'x 362 (5th Cir. 2014). This court already has found that plaintiff's post-trial claims are futile, a finding which dooms his request for appellate counsel.

Plaintiff raises his mental illness as a further reason that this court should appoint counsel without any supporting documentation. Plaintiff's only alleged symptom of his mental illness is that he suffers from a lack of concentration. This court presided over the jury trial of this matter for a week and does not find plaintiff's recitation of a lack of concentration convincing. Plaintiff appeared to perform well in litigating his case. Plaintiff further states that he has been diagnosed with post-traumatic stress disorder, but he provides this court no proof of such, aside from his own unsupported statement. Again, this court is not persuaded by plaintiff's argument.

For the reasons set forth above, this court finds that the basis for plaintiff's post judgment motions are not well taken and, therefore, plaintiff's motion to appoint counsel is a futile one. Accordingly, plaintiff's Motion to Appoint Counsel **[Docket no. 321]** must be denied.

## IV. MOTION FOR MISCELLANEOUS RELIEF [Docket no. 323]

Plaintiff, by his motion for miscellaneous relief is seeking relief on two (2) grounds: plaintiff asks this court to reconsider its order denying him a free copy of the trial transcript of the jury trial in this matter; and plaintiff asks this court to appoint counsel for him. **[Docket no. 323]**. Plaintiff cites his alleged mental illness as the basis for this court to grant his motion.

Plaintiff's post-trial motions primarily feature earlier-rejected arguments: that this court improperly instructed the jury to apply the "deliberate indifference" standard to the lawsuit at bar. Plaintiff has no need of a trial transcript to continue this argument. And, relative to a free transcript, the courts have stated that where a pro-se prisoner "cannot satisfy the criteria for obtaining a transcript at government expense set forth in 28 U.S.C. § 753(f)[8] because [his or her] appeal is frivolous," then his motion for a free transcript must be denied. *Allen v. Gunn*, 396 F. App'x 132, 133 (5th Cir. 2010) (Citing *Howard v. King*, 707 F.2d 215, 219–20 (5th Cir.1983)).

Accordingly, this court finds plaintiff's Motion for Miscellaneous Relief **[Docket no. 323]** should be denied.

## V. CONCLUSION

IT IS, THEREFORE, ORDERED that the plaintiff's Motion for a New Trial **[Docket no. 315]** is hereby **DENIED**.

---

[8] (f) Each reporter may charge and collect fees for transcripts requested by the parties, including the United States, at rates prescribed by the court subject to the approval of the Judicial Conference. He shall not charge a fee for any copy of a transcript delivered to the clerk for the records of court. Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question). The reporter may require any party requesting a transcript to prepay the estimated fee in advance except as to transcripts that are to be paid for by the United States. 28 U.S.C.A. § 753 (West)

IT IS FURTHER ORDERED that the plaintiff's Motion for Judgment as a Matter of Law **[Docket no. 316]** is hereby **DENIED**.

IT IS FURTHER ORDERED that the plaintiff's Motion to Appoint Counsel **[Docket no. 321]** is hereby **DENIED**.

IT IS FINALLY ORDERED that the plaintiff's Motion for Copies of Trial Transcripts and Miscellaneous Relief **[Docket no. 323]** is hereby **DENIED**.

**SO ORDERED AND ADJUDGED this the 1st day of March, 2019.**

s/ **HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**