**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**ROGER JOHNSON**                                                                  **PLAINTIFF**

**vs.**                                     **CAUSE NO. 3:04cv393-HTW-FKB**

**WILLIE E. JOHNSON, et al**                                        **DEFENDANTS**

**ORDER REGARDING ALL OUTSTANDING MOTIONS**

BEFORE THIS COURT are the following motions:

1. Motion for Extension of Time to file Motion to Reconsider **[Docket no. 330]** filed by the *pro se* plaintiff, Roger Johnson;

2. Motion for Reconsideration of this Court's Order [Docket no. 326] denying plaintiff's post jury verdict motions **[Docket no. 331]** filed by the *pro se* plaintiff; and

3. Motion for Sanctions and/or Injunctive Relief pursuant to Rule 11 **[Docket no. 335]** filed by the defendants, Willie E. Johnson, Carl E. Medlock, Delanio Sanders, and William H. Thornton.

The issues are fully briefed by the parties, or the time periods for filing a response have long since passed, and this Court, being fully advised in the premises, finds as follows:

I. **MOTION FOR RECONSIDERATION [Docket no. 331]**

In denying plaintiff's motion for a new trial [Docket no. 315] and motion for judgment as a matter of law [Docket no. 316], this Court found that plaintiff's "argument that his lawsuit should have been treated as a 'conditions of confinement' case and not as an 'episodic act or omission'" had been "made … before and even appealed … to the Fifth Circuit Court of Appeals which held

that plaintiff's case presents an 'episodic act or omission' to which this court must apply the 'deliberate indifference' standard." [Docket no. 326] (citing *Johnson v. Johnson*, 694 F. App'x 945, 946 (5th Cir. 2017)). This Court has repeatedly cautioned plaintiff "that he shall not file any more motions challenging whether the lawsuit *sub judice* presented a 'condition of confinement' or 'an episodic act or omission.'" [Docket no. 326]; [Docket no. 329].

Plaintiff's instant motion does nothing more than reargue this same issue. Pursuant to the reasoning in [Docket no. 326], this Court finds that plaintiff's Motion for Reconsideration **[Docket no. 331]** must be denied.

II. **MOTION FOR EXTENSION OF TIME [Docket no. 330]**

Plaintiff requests additional time in this motion to file his aforementioned Motion for Reconsideration [Docket no. 331]. Because the arguments in his Motion for Reconsideration [Docket no. 331] lack any merit, plaintiff's Motion for Extension of Time **[Docket no. 330]** must also be denied.

III. **MOTION FOR SANCTIONS / INJUNCTIVE RELIEF [Docket no. 335]**

This Court has inherent power to sanction the misconduct of litigants practicing before it, including *pro se* litigants. *Bigsby v. Runyon*, 129 F.3d 610 (5th Cir. 1997). Such sanctions may be injunctive in nature. *Id.*; *see also In re Anderson,* 511 U.S. 364, 365, 114 S. Ct. 1606, 1607, 128 L. Ed. 2d 332 (1994)). Plaintiff has been repeatedly cautioned against filing "any more motions challenging whether the lawsuit *sub judice* presented a 'condition of confinement' or 'an episodic act or omission.'" [Docket no. 326]; [Docket no. 329]. As shown through his Motion for Extension of Time [Docket no. 330] and Motion for Reconsideration [Docket no. 331], plaintiff remains "[u]ndeterred by this court's admonition…." [Docket no. 329].

Pursuant to this Court's inherent power to issue injunctive relief under Rule 11, this Court finds that defendants' Motion for Sanctions / Injunctive Relief **[Docket no. 335]** should be granted and plaintiff shall hereinafter be precluded from filing any further pleading in the instant cause of action. No attorneys' fees, costs or expenses, other than the $2.40 costs that were taxed against plaintiff on April 24, 2019 [Docket no. 337], shall be awarded to defendants.

### IV. CONCLUSION

IT IS, THEREFORE, ORDERED that the plaintiff's Motion for Reconsideration **[Docket no. 331]** is hereby **DENIED**.

IT IS FURTHER ORDERED that the plaintiff's Motion for Extension of Time **[Docket no. 330]** is hereby **DENIED**.

IT IS FURTHER ORDERED that the defendants' Motion for Sanctions / Injunctive Relief **[Docket no. 335]** is hereby **GRANTED** and plaintiff is hereinafter barred from filing any further pleading(s) with this Court in the instant cause of action. The clerk of this court is directed to return to the *pro se* plaintiff, Roger Johnson, unfiled, any attempted submission inconsistent with this bar.

IT IS FURTHER ORDERED that the defendants' bill of costs in the amount of $2.40 **[Docket no. 337]** is herein approved and that no other request for attorneys' fees, costs or expenses shall be awarded in favor of the defendants and against the plaintiff.

**SO ORDERED this the 14th day of February, 2020.**

**s/ HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**

PREPARED AND SUBMITTED BY:

 /s/  Jason E. Dare
Jason E. Dare (MSB No. 100973)
jdare@pbhfirm.com
PETTIS, BARFIELD & HESTER, P.A.
Post Office Box 16089
Jackson, Mississippi  39236-6089
    ***Attorney for Defendants***